# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | |
| **DANNY W. ADEN and** | **Bankruptcy Case** |
| **ROZELL J. ADEN,** | **No. 11-02679-JDP** |
| **Debtors.** | |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

    D. Blair Clark, Boise, Idaho, Attorney for Debtors.

    Jeremy Gugino, Boise, Idaho, Chapter 7 Trustee.

### *Introduction*

The chapter 7[1] trustee, Jeremy Gugino ("Trustee"), objected to the claims of exemption as to four annuities made by debtors Danny Wayne

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION – 1

and Rozell J. Aden. Dkt. No. 23. Debtors responded to the objection. Dkt. No. 28. The parties filed a stipulation regarding some of the relevant facts, as well as briefs. Dkt. Nos. 39, 40 and 43. The Court conducted an evidentiary hearing concerning Trustee's objection on February 12, 2012, Debtors called one witness to testify, and several documentary exhibits were offered and admitted into evidence. After hearing the parties' oral arguments, the Court took the issues under advisement. Having considered the submissions of the parties, the stipulated facts and evidentiary record, the arguments of counsel, as well as the applicable law, this Memorandum constitutes the Court's findings of fact, conclusions of law, and disposes of the issues. Fed. R. Bankr. P. 7052; 9014.

*Facts*

On January 16, 2009, Debtors purchased a Flexible Premium Deferred Annuity, No. 8862971, from the Principal Financial Group ("Principal Annuity 2971"). Ex. A; Stip. Facts at ¶ 2a. Debtor Danny Aden is the owner of Principal Annuity 2971, and Trustee and Debtors have stipulated that, as of the bankruptcy petition date, it had a value of

MEMORANDUM OF DECISION – 2

$94,005. Stip. Facts at ¶ 2a. Debtors paid a $90,000 cash premium to purchase this annuity. *Id.*, Ex. A.

On January 16, 2009, Debtors purchased a second Flexible Premium Deferred Annuity, No. 8862974, from the Principal Financial Group ("Principal Annuity 2974", and collectively with Principal Annuity 2971, "the Principal Annuities"). Ex. B; Stip. Facts at ¶ 2b. Debtor Rozell Aden is the owner of Principal Annuity 2974, and Trustee and Debtors have stipulated that, as of the bankruptcy petition date, it had a value of $41,780. Stip. Facts at ¶ 2b. Debtors paid a cash premium of $40,000 to purchase Principal Annuity 2974. *Id*.

On April 21, 2009, Debtors purchased another annuity, No. 209500149, from the Axa Equitable Life Insurance Company, ("Axa Annuity 149"). Ex. C; Stip. Facts at ¶ 3. Debtors and Trustee have stipulated that, on the bankruptcy filing date, Axa Annuity No. 149 had a value of $4,280. Stip. Facts at ¶ 3. Danny Aden testified that this annuity was given to him as a sales reward from a boat supplier for selling its products through Debtors' now-defunct marine business.

MEMORANDUM OF DECISION – 3

At the hearing, Debtors presented evidence to show that Debtor Danny Aden also owns a fourth annuity, one not otherwise disclosed in Debtors' bankruptcy schedules. It is number 208500745, also from Axa Equitable ("Axa Annuity No. 745", and collectively with Axa Annuity No. 149, "the Axa Annuities"). Ex. D; Stip. Facts at ¶ 4. Acquired on November 5, 2008, Axa Annuity No. 745 was also a reward from a boat supplier. *Id*. Trustee and Debtors have stipulated that it had a value of $5,420.69 as of the date the bankruptcy petition was filed. Stip. Facts at ¶ 4. The parties have also stipulated that, though previously undisclosed, the Court should treat Axa Annuity 745 in the same fashion as the other annuities, that is, as though it had been disclosed on schedule B and claimed exempt by Debtors in the full amount under Idaho Code § 41-1836(1)(b) on schedule C, and as though Trustee had timely objected to that exemption claim. *Id*. at ¶ 5.

The Principal Annuities and Axa Annuities all offer several different benefit payment options to Debtors, including life payout options based on certain mortality tables, as well as the option to surrender some part of

MEMORANDUM OF DECISION – 4

the policies for a Cash Surrender Value. *Id*. at ¶ 10. However, as of the date the bankruptcy petition was filed, Debtors had not elected any payout option for any of the annuities, and were thus not bound to take payments from any of the annuities at any definite time in the future, nor were they bound to receive periodic payments over a set period of time. *Id.* at ¶¶ 7–9. The Principal Annuities provide that, if Debtors do not make an election as of the Maximum Annuitization Date, the company will commence making payments according to a default method. Ex. 1, p. 9. The Court was not given the full text of the Axa Annuities, but the parties stipulated that, as to all of the annuities, if Debtors did not elect a payout date and method by a certain date in the future, the annuity company would select a payout method, and Debtors would be bound by that choice. Stip. Facts at ¶ 11. Each of the annuities also includes a death benefit, which is payable upon the death of either Debtor, which payment amount is the accumulated value as of the date of death. *Id.* at ¶ 10. The parties have stipulated that the annuities were not acquired by Debtors "in bad faith". *Id.* at ¶ 12.

MEMORANDUM OF DECISION – 5

On August 31, 2011, Debtors filed a chapter 7 bankruptcy petition and schedules; Debtors claimed the annuities exempt pursuant to Idaho Code § 41-1836(1)(b) in their full amounts.[2]  Dkt. No. 1.  Trustee timely objected, and Debtors responded to the objection.  Dkt. Nos. 23, 28.

*Analysis and Disposition*

The crux of Trustee's objection is that, under the Idaho statute, in order for the claim of exemption in the four annuities to be allowed, Debtors must have elected a payout method as of the petition date. Debtors disagree, but the Court concludes Trustee's objection should be sustained.

In a Memorandum Decision entered in *In re Wiley*, ___ IBCR ___, Case No. 11-02462-JDP (April 3, 2012), Dkt. No. 54, the Court sustained a similar objection by Trustee to the debtors' exemption claim on an annuity

---

[2] After the hearing on Trustee's objection, Debtors amended their schedule C to also claim Principal Annuity No. 2971 exempt in the amount of $10,000 under Idaho Code § 11-605(10) as an unmatured life insurance contract. Dkt. No. 45.  Trustee has objected, and the matter will presumably be set for hearing, but is not ripe for decision at this time.

MEMORANDUM OF DECISION – 6

under the same Idaho statute.[3] In its decision, the Court considered the text of Idaho Code § 41-1836(1), the case law interpreting that statute, as well as relevant policy considerations. It concluded that while a debtor in bankruptcy need not be currently receiving a stream of payments on an annuity as of the petition date in order to claim an exemption under the statute, the debtor must have made a payout election in order for that exemption claim to be quantified, and for the Court to determine if the exemption claim exceeded the amount of the limitation set forth in Idaho Code § 41-1836(1)(b). The reasoning expressed by Court in its *In re Wiley* decision is also applicable here.

Despite the absence of a payout election by Debtors under any of the annuities at issue here, Debtors ask the Court to focus upon Idaho Code § 41-1836(1)(c), which provides:

> (c) If the total benefits presently due and payable
> to any annuitant under all annuity contracts
> under which he is an annuitant, shall at any time
> exceed payment at the rate of one thousand two

---

[3] For the convenience of the parties, a copy of the Court's decision is attached to this Memorandum.

MEMORANDUM OF DECISION – 7

> hundred fifty dollars ($1,250) per month, then the court may order such annuitant to pay to a judgment creditor or apply on the judgment, in installments, such portion of such excess benefits as to the court may appear just and proper, after due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him, as well as any payments required to be made by the annuitant to other creditors under prior court orders.

Debtors contend, and Trustee does not dispute, that Debtors "need" the funds in the annuities. According to the testimony at the hearing, Debtor Danny Aden is at retirement age, has health concerns, is currently unemployed, has middle school-aged children living at home, and the funds in the annuities represent his retirement "nest egg." Debtors argue that, if under the statute $1,250 per month is exempt, and monthly payments above that can be declared exempt by the Court upon a proper showing of need, then the "just and proper" conclusion is that all of the funds invested in the four annuities are exempt.

The difficulty with Debtors' argument is the text of Idaho Code § 41-1836(1)(c) itself. Under the statute, the Court must first determine whether

MEMORANDUM OF DECISION – 8

the benefits payable under all annuity contracts exceeds $1,250, and if so, *"then"* the court may decide what, if any, of the "*excess benefits*" should be made available to creditors given Debtors' needs.  Idaho Code § 41-1836(1)(c) (emphasis added).  In other words, to adhere to the statute, the Court must initially determine that the first $1,250 per month in benefit payments is exempt before it can expand the reach of the exemption to any additional amounts.  But here, just as in *In re Wiley*, the Court is unable to engage in that analysis because, due to Debtors' failure to elect a payout option, it is impossible to know what amounts Debtors are entitled to receive from the annuities each month.

## *Conclusion*

By their inaction, Debtors have rendered the Court unable to decide whether their exemption claim on annuity benefits conforms to the limits in the Idaho statute in any amount.  Given the undisputed facts, the Court concludes that, for the reasons set forth in *In re Wiley*, Debtors' exemption claim in the annuities must be disallowed.

MEMORANDUM OF DECISION – 9

A separate order will be entered.

Dated: April 3, 2012

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 10